IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
DEC 31 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF A...

| | | |
|---|---|---|
| **ROBERT S. MADSON,** | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil Action Number 01-C-2693-S |
| **PROSOFT AUTOMATION, INC.,** | ) ) | |
| *Defendant.* | ) | |

ENTERED
JAN 3 2003

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before this Court is Defendant Prosoft Automation's Motion to Dismiss or, in the alternative, Motion for Summary Judgment. Based on undisputed facts, thE Court concludes that Defendant Prosoft Automation is entitled to judgment as a matter of law. Accordingly, the Defendant's motion is due to be granted.

**I. The Undisputed Facts**

1. This case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Plaintiff Robert S. Madson was employed by Defendant Prosoft Automation from October, 1999 to May 14, 2001.

3. Plaintiff is a Professional Electrical Engineer, licensed both in Pennsylvania and in Alabama.

4. Plaintiff was hired by Prosoft as a Senior Systems Engineer. His primary duties involved developing software and computer programs for Prosoft's customers.

13

5. At Prosoft, Plaintiff was specifically responsible for designing, developing, analyzing, creating, testing and modifying computer software, systems and programs based on system design specifications and machine operating systems.

6. Plaintiff was hired at a rate of $ 40.00 per hour (aggregating $ 83,200 per year), and, in July, 2000, he received a pay raise to $ 44.81 per hour (translating to $ 93,200 per year).

7. During Plaintiff's approximately 19 months of employment with Prosoft, he worked a minimum of forty hours per week.

8. Plaintiff worked 638 hours of overtime. He was compensated at the regular hourly rate for approximately 500 of these hours. He was not compensated at all for approximately 130 hours of overtime.

9. In this action, Plaintiff seeks compensation for the contested overtime hours he worked while an employee of Prosoft.

### B. The Controlling Law

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c). The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)). When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party.[1] *See, e.g.,*

---

[1] "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant' ... and draw 'all justifiable inferences ... in his favor' ...." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence

2

*Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997).

Under the Fair Labor Standards Act, 29 U.S.C. § 213 *et seq.*, the minimum wage and maximum hour laws do not apply to:

> (17) any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is--
> (A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
> (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
> (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
> (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and
> who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $ 27.63 an hour.

29 U.S.C. § 213(a)(1)(17).

In addition to the employment position titles specifically listed in the statute, the exemption covers

> *other similarly skilled worker*, whose primary duty is ... *the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs*, including prototypes, *based on and related to user or system design specifications*;
> (C) *the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or*
> (D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, *in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $ 27.63 an hour.*

*Id.* (emphasis added).

---

of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979).

3

### III. Analysis

The issue presented is whether Plaintiff is exempted from the coverage of the FSLA.

Applying the unambiguous language of the FLSA to the undisputed facts in this case, it is clear that Plaintiff's employment position, responsibilities, job functions and rate of pay render him exempt from FLSA coverage. Crucial is Plaintiff's concession that he designed, developed, analyzed, created, tested, and modified computer software, systems and programs based on system design specifications and machine operating systems for Prosoft's customers.

It is of no legal moment that Plaintiff's employment position was not specifically titled "computer systems analyst, computer programmer, [or] software engineer." 29 U.S.C. § 213(a)(1)(17). The broad language of the removes him from coverage.

### Conclusion

Defendant Prosoft Automation's Motion for Summary Judgment is due to be granted. By separate order, it will be done.

Done this 31st day of December, 2002.

_____
Chief United States District Judge
U.W. Clemon

4